701 P.2d 234

**John DALEY, Plaintiff-respondent,**

v.

**BLAINE COUNTY, a legal subdivision of the State of Idaho, Defendant-appellant.**

**No. 15345.**

Supreme Court of Idaho.

May 30, 1985.

R. Keith Roark, Blaine County Pros. Atty., Hailey, for defendant-appellant.

E. Lee Schlender, of Schlender & Praggastis, Ketchum, for plaintiff-respondent.

BAKES, Justice.

The Blaine County Planning & Zoning Commission denied respondent John Daley's application for a conditional use permit and zoning variances. The Blaine County Board of County Commissioners upheld the Blaine County Planning & Zoning Commission decision. On appeal to the district court, the court ordered that Blaine County issue the conditional use permit and variances requested. We reverse the district court and reinstate the decision of the Blaine County Board of County Commissioners.

John Daley holds an option to purchase a lot in an unincorporated area of Blaine County approximately two miles north of Ketchum. The lot, part of Lake Creek Subdivision, lies between the Big Wood River and State Highway 75. The lot is zoned FD, "Flood Plain Management District." Under the zoning ordinance, a conditional use permit must be issued by the Blaine County Planning & Zoning Commission before any buildings designed for residential use may be erected on a lot in a flood plain management district. Daley sought a conditional use permit in order to move a pre-existing Victorian style two-story home onto this lot.

In addition to the application for a conditional use permit, Daley requested a variance from setback requirements. Blaine County Ordinance No. 77–5 requires that all new construction along State Highway 75 be set back from the highway at least 100 feet. The lot upon which Daley proposed to place this house is only 105 feet deep at its deepest point. Additionally, front and rear lot line setbacks are required for all new buildings. Because of the building's height, the house Daley proposed to move onto the lot requires rear and side setbacks of 18 feet under the ordinance. Daley requested permission to build within five feet of the rear lot line and ten feet of the side lot line.

After a hearing on March 24, 1983, the Blaine County Planning & Zoning Commission denied Daley's application. Daley appealed to the Blaine County Board of Commissioners. After a hearing on May 23, 1983, the Blaine County Board of Commissioners unanimously voted to uphold the Planning & Zoning Commission's denial of the conditional use permit and variances. The Board of Commissioners concluded:

"1. Approval of the reduced setbacks would affect the BLM's and public's use of the affected adjacent property.

"2. There are serious questions which have been unanswered by the applicant and by the applicant's engineer concerning the location of the well and the required and actual distance between it, the property line, and the proposed septic system.

616

"3. The reasons for adopting and maintaining the 100 foot setback from Highway 75 (allowing area for future highway expansion, separating adjacent lot activities and congestion from highway through-traffic activity, and maintaining the visual corridor of Highway 75) apply to this lot although the requirement came into effect after approval of Lake Creek Subdivision.

"4. The location of a historic house in a precarious floodplain situation and on a lot which is below the elevation of the floodplain and which is protected from flooding only by the adjacent BLM parking lot is contrary to the county's established policies for the floodplain management district.

"5. The lot (being .3 acre in area) is too small for the size house and garage being proposed to be placed on it, as evidenced by the minimal setbacks requested.

"6. The location of the house and garage five feet from the property line with the BLM would cause the house to be adversely affected by the future development of the BLM property for public use.

"7. From the site information presented by the applicant, the lot does not appear to be buildable and cannot be determined to be buildable without detailed engineering data.

"8. The Board of County Commissioners of Blaine County does not wish to approve a building site that will need future protection from flooding."

Daley then appealed to the district court pursuant to I.C. § 67-6521 and I.C. § 67-5215. The district court reversed the Blaine County Board of Commissioners. Addressing each of the Blaine County Board of Commissioners' reasons for denial, the district court determined that the conclusions and decisions of the Blaine County Board of Commissioners were arbitrary and capricious and clearly erroneous. On December 15, 1983, the district court entered an order of judgment, ordering that Daley be granted a conditional use permit and a variance. Blaine County ap-

peals the decision of the district court. We reverse.

Chapter 17 of Blaine County Ordinance No. 77-5 regulates development in flood plain management districts. "Because of hazard to individual and public health, safety and welfare, uses in the flood plain are restricted or designated for individual consideration under the conditional use permit process." Blaine County Ordinance No. 77-5, 17.53. The ordinance outlines the procedure to be followed in applying for a conditional use permit. Specifically, the ordinance requires that an application contain "specifications for building construction and materials, flood proofing, filling, dredging, grading, channel improvement, storage of materials, water supply, and sanitary facilities." Blaine County Ordinance No. 77-5, 17.72. Because the ordinance requires that the zoning commission consider "the proposed water supply and sanitation systems and the ability of these systems to prevent disease, contamination, and unsanitary conditions," the submission of these specifications is vital to any application for a conditional use permit in a flood plain management district.

■ It is clear from the record that Daley did not submit all the required specifications.

"John Daley noted that the denial seems to hinge on the engineering study for a mound system (or lack of engineering study). He understood that there are many other types of system used in the flood plain. There are many alternative sewage systems to the problem. Mr. Daley reiterated that he can't see going out and spending $500 to $800 to design a system that shows it can be done right, and then having the application denied anyway."

A review of the record indicates that the application for the conditional use permit did not contain all necessary building specifications, or the specifications for sewer and water facilities. Thus, the Blaine County Board of Commissioners was merely following the ordinance's directive when the board stated, "There are serious ques-

tions which have been unanswered by the applicant and by the applicant's engineer concerning the location of the well and the required and actual distance between it, the property line, and the proposed septic system." On this basis alone, the Blaine County Board of Commissioners was justified in denying Daley's application for a conditional use permit.[1]

The district court opinion also states that the 100-foot setback requirement "constitutes a total taking of the appellant's property and is not a requirement that can properly be placed upon this property since the subdivision was in existence not less than fourteen years prior to the adoption of the hundred foot setback rule." Although the parties specifically stipulated that issues with respect to deprivation of a property right were not to be raised in the district court, the district court's analysis appears to be based largely upon this taking of property without due process rationale.

■ Setback requirements have long been held to be constitutional. *Gorieb v. Fox,* 274 U.S. 603, 47 S.Ct. 675, 71 L.Ed. 1228 (1927). The United States Supreme Court has also upheld zoning ordinances as applied to properties obtained prior to the enactment of the ordinance. *Agins v. City of Tiburon,* 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980). As this Court has stated, "[A] zoning ordinance which downgrades the economic value of property does not constitute a taking of property without compensation in violation of the United States Constitution, at least where, as in *Agins,* some residual value remains in the property." *County of Ada v. Henry,* 105 Idaho 263, 266, 668 P.2d 994, 997 (1983). Thus, although the Blaine County zoning ordinance might be considered an unlawful taking if Daley were able to show that the zoning ordinance deprived the property of all value, no such showing has been made. Rather, as the Board of County Commissioners' decision makes clear, the commissioners merely refused to grant the variances and conditional use permit which would allow Daley to place this particular two-story house on the property. The placement of this home on the property would require setback variances on all sides and, as Daley himself admits, extensive engineering to ensure that the septic system is adequate. There is a simply no showing on the record that the commission would refuse to grant a conditional use permit or variances for all uses of the property.[2]

■ The district court's review of the board of county commissioners' decision was pursuant to I.C. § 67–5215. Under I.C. § 67–5215, the district court was acting only in an appellate capacity. District courts acting in this capacity are not authorized "to interfere with the substantive decisionmaking process in rezoning cases .... To sanction such interference in the

---

1. While the district court was of the opinion that "the appellant provided substantial data and information as to how he could and would meet specific criteria for evaluation of his proposal," our review of the same record sustains the board of commissioners' finding that not all of the data required by the ordinance had been submitted.

2. On appeal before the district court, the court admitted additional evidence regarding the subsequent approval by Blaine County of a structure, to be constructed on property adjacent to the plaintiff's property, which was to be used as a cross country ski hut. In concluding that the decision of the board of commissioners was arbitrary and capricious and clearly erroneous, the district court considered this additional evidence concerning the cross country ski hut and noted that the similarities between the two structures with respect to criteria evaluation far outweighed the differences. The district court erred in permitting this additional evidence to be submitted on appeal. I.C. § 67–5215(f) provides that "the [district court's] review shall be conducted by the court without a jury and *shall be confined to the record.*" If this additional evidence was material and there was good reason for failure to present it at the proceeding before the board of commissioners, I.C. § 67–5215(e) permits the district court to order the taking of the additional evidence by the agency, which may then modify its findings and conclusions based upon the additional evidence. However, the district court cannot, as it has done here, hear the additional evidence for the first time on appeal and make its own findings of fact and conclusions of law.

618

ordinary case would undermine the important role local agencies play in the land use planning process and possibly negate meaningful participation by the public in the decisionmaking process." *Workman Family Partnership v. City of Twin Falls,* 104 Idaho 32, 39, 655 P.2d 926, 933 (1982). On appeal to this Court we have made the same review of the record which was before the board of county commissioners as the district court was required to make under I.C. § 67–5215(g). We conclude that the decision of the board of county commissioners is sustainable, at least on some of the grounds set out in the decision of the board of commissioners. We particularly affirm on the basis of conclusion number 7, which reads that "from the site information presented by the applicant, the lot does not appear to be buildable and cannot be determined to be buildable without detailed engineering data." That conclusion, which subsumes most of the other reasons given by the board of commissioners in their decision, is not "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record," and is not "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." I.C. § 67–5215(g)(5), –(6). Accordingly, the judgment of the district court is reversed.

DONALDSON, C.J., and HUNTLEY and BISTLINE, JJ., concur.

SHEPARD, J., dissents without opinion.

BISTLINE, Justice, specially concurring.

Although I have concurred in the Court's judgment and opinion, I nevertheless am left with serious reservations that the Court will be seen as elevating form over substance, and honoring technicality over reality. More than that, however, the most alarming aspect of our decision today is the debilitating effect which the present appellate review procedures, or perhaps better said, the appellate review procedures as presently interpreted and applied, have on our district courts—which in days past were the only genuine protection which Idaho citizens had against the burgeoning bureaucracy. In former times—not all that distant—the district court's judgment in this case would have been applauded, not appealed. The gist of today's opinion for the Court is found in just a few sentences:

1. "Blaine County Ordinance No. 77–5 requires that all new construction along State Highway 75 be set back from the highway at least 100 feet. The lot upon which Daley proposed to place this house is only 105 feet deep at its deepest point."

2. "Addressing each of the Blaine County Board of Commissioners' reasons for denial, the district court determined that the conclusions and decisions of the Blaine County Board of Commissioners were *arbitrary and capricious and clearly erroneous.* On December 15, 1983, the district court entered an order of judgment, ordering that Daley be granted a conditional use permit and a variance."

3. "It is clear from the record that Daley did not submit all the required specifications."

4. "The district court opinion also state that the 100-foot setback requirement *constitutes a total taking of the appellant's property and is not a requirement that can properly be placed upon this property since the subdivision was in existence not less than fourteen years prior to the adoption of the hundred foot setback rule.*'"

5. "Setback requirements have long been held to be constitutional."

6. "Under I.C. § 67–5215, the district court was *acting only in an appellate capacity.*"

7. " 'The lot does not appear to be buildable and cannot be determined to be buildable without detailed engineering data.' That conclusion, which subsumes most of the other reasons given by the board of commissioners in their decision, is not 'clearly erroneous in view of the reliable, probative and substantial evidence on the whole record,' and is not 'arbitrary or capricious or characterized

by abuse of discretion or clearly unwarranted exercise of discretion.' "

(Emphasis added.)

What we, the majority in this case, must face up to is that we are supplanting our wisdom as to what is arbitrary and capricious in the place of what the local district judge has determined. The local district judge, however, as with the Music Man, "knows the territory," and we do not. I also am concerned with reliance on *Workman Family Partnership v. City of Twin Falls*, 104 Idaho 32, 655 P.2d 924 (1982). That case did not involve a county determination which amounted to what here may amount to a 95 percent taking of private property without any compensation.