39 P.3d 606

**CANAL/NORCREST/COLUMBUS ACTION COMMITTEE, an unincorporated group of affected persons, Petitioner–Appellant,**

v.

**CITY OF BOISE, an Idaho municipal corporation, acting through the Boise City Council, Respondent.**

No. 25962.

Supreme Court of Idaho, Boise, February 2001 Term.

Dec. 28, 2001.

Matt J. Howard, Boise, argued for appellant.

Randall S. Grove, Boise, argued for respondent.

WALTERS, Justice.

This appeal requires that we determine whether the City of Boise's conditional use approval of a planned unit development in a mandatory design review zone is a final decision by the City that is ripe for review. We hold that it is, and we therefore reverse the district court's dismissal of the petition for judicial review of the conditional use approval as premature.

## FACTS AND PROCEDURAL HISTORY

The developer, Neighborhood Housing Services, Inc. (NHS) filed an application with the City seeking conditional use approval of a proposed mobile home park consisting of sixty-five units to be constructed on land between Canal and Victory Streets east of Vista Avenue in Boise. Residents living in the area near the proposed mobile home park formed the Canal/Norcrest/Columbus Action Committee (CNC) to oppose the development.

The application was approved by the Boise City Planning and Zoning Commission in November of 1998 as a conditional use permit, and the approval decision was then appealed to the City Council. The City held a hearing on the conditional use application on February 2, 1999, where CNC argued that the application should have been presented as a planned unit development. In consideration of CNC's argument, the City decided to terminate the hearing and direct the Boise City Planning and Development Services to review the application as a planned unit development. CNC interpreted the City's decision to remand the application for further study as a denial of the conditional use permit but also as a decision in violation of a code restriction against resubmission of a denied application.[1] Accordingly, CNC filed a petition for judicial review.

---

1. Boise City Code § 11–06–04–6 mandates a one- year delay before resubmission of an application.

On February 16, 1999, at the direction of the City, the developer submitted a substantially identical application seeking conditional use approval of a planned unit development. The new application was approved by the City on March 8, 1999. The City Council adopted the findings of fact, conclusions of law, and conditions of approval from the Boise City Planning and Zoning Commission. CNC then filed a petition with the district court for judicial review of the City's decision approving the planned unit development, following a hearing on April 20, 1999. The City moved to dismiss the appeals and refused to consolidate the cases until the design review on remand was completed. The City's action resulted ultimately in the dismissal of the first appeal for lack of finality.

CNC requested that the district court consolidate the petitions for judicial review of the City's initial denial of the conditional use permit application and the later approval of the planned unit development application, which the court granted. On the day the consolidation order was signed, the district court also ruled on the City's motions to have both appeals dismissed. The district court denied the motion to dismiss the initial petition for review of the City's February 2, 1999, action, but it granted the City's motion with regard to the petition for review of the approval of the planned unit development. The district court found that CNC had not exhausted all administrative remedies, specifically the design review process mandated by Boise City Code § 11–04–10.03,[2] which therefore did not render the approval final for purposes of review.

CNC appeals from the district court's dismissal order and raises two issues on appeal: (1) whether the approval of the conditional use permit on April 20, 1999, was a final action by the City and therefore appealable; and (2) whether CNC is entitled to an award

of attorney fees under I.C. § 12–117 on the ground that the City acted without a reasonable basis in fact or law.

## STANDARD OF REVIEW

■ The Local Land Use Planning Act provides that a person affected and aggrieved by a decision of a land use commission or governing board may within twenty-eight days after all remedies have been exhausted under local ordinances seek judicial review as provided by chapter 52, title 67, Idaho Code. I.C. § 67–6521(1)(d). A person is not entitled to judicial review of an agency action until that person has exhausted all administrative remedies. I.C. § 67–5271(1). Until the full gamut of administrative proceedings has been conducted and all available administrative remedies been exhausted, judicial review should not be considered. *See Grever v. Idaho Telephone Co.,* 94 Idaho 900, 903, 499 P.2d 1256, 1259 (1972).

## ANALYSIS

### I.

■ The issue before the Court is whether the approval of the conditional use permit of the planned unit development is a final action by the City, and thus ripe for review. The district court held that until the design review process was completed, the approval could not be deemed final because of a failure by CNC to exhaust all administrative remedies.

CNC asserts on appeal that the Boise City Code provides separate processes to challenge decisions regarding the approval of the conditional use permit and of the design review permit respectively. CNC further asserts that the design review decision is limited in scope and not otherwise relevant to

2. Within the "D" overlay zoning districts, a design review application is required. The function of the design review committee is to regulate landscaping, review building design, site planning, signs, grading, development and beautification. Actions of the design review committee may be appealed to the Planning and Zoning Commission, whose decision may in turn be appealed to the City Council.

The City's decision approving the design review in this case, which was dated September 21, 1999, was the subject of a third petition for judicial review from CNC. Thereafter, the City filed a motion for temporary remand to the district court of the case that is the subject of this appeal, in order that all the pending review petitions might be heard together. By order dated June 28, 2000, this Court denied the City's motion.

whether or not the proposed use of the property as a mobile home park would cause any damage, hazard, nuisance or other detriment. *See* Boise City Code § 11–06–04.01. Thus, CNC argues that it was required to file a petition for review of the April 20, 1999, approval in order to preserve all of the contested issues related to the planned development conditional use permit. In support of its argument, CNC submits that the city ordinances do not provide that a subsequent appeal from the design review decision will necessarily encompass issues related to the conditional use permit approval.

■ An analysis of the finality and appealability of a decision made on a zoning application must necessarily begin with an examination of the relevant zoning ordinances. *See Rural Kootenai Organization, Inc. v. Board of Comm'rs,* 133 Idaho 833, 993 P.2d 596 (1999) (examining the requirements of the Kootenai County Subdivision Ordinance preliminary to a developer obtaining final plat approval from the Board); *South Fork Coalition v. Board of Comm'rs of Bonneville County,* 112 Idaho 89, 730 P.2d 1009 (1986) (referring to the specific language of the county zoning ordinance as to the effect of "an approval in principle"). An applicant's rights are determined by the ordinance in existence at the time of filing of the application for the permit. *Payette River Property Owners Ass'n v. Board of Comm'rs of Valley County,* 132 Idaho 551, 555, 976 P.2d 477, 481 (1999) (citations omitted).

The provisions of the Boise City Code at issue are as follows:

11–06–05 PLANNED DEVELOPMENTS

11–06–05.04 APPLICATION PROCEDURE

. . .

Submittal requirements for detailed conditional use applications are the same as for standard conditional use applications that are processed and reviewed in one step.

11–06–04.04 COMMISSION ACTION

Following the hearing, the Commission shall approve, deny or modify the application for a conditional use permit, imposing any conditions needed to establish the findings of Section 11–06–04.11.

11–03–07 APPEALS

Any administrative or Commission level decision may be appealed to the appropriate Commission, Committee or Council in accordance with the procedures established herein. . . .

11–03–07.2 APPEALS OF PLANNING COMMISSION AND HISTORIC PRESERVATION COMMISSION DECISIONS

Any decision of the Planning and Zoning Commission or the Historic Preservation Commission may be appealed to the Boise City Council by the applicant, any aggrieved person or the Planning Director. . . . The Council may sustain, deny, amend or modify the appeal.

The filing of an appeal of a Commission level decision stays further approvals (Design Review, Subdivision, Building Permit, etc.) on the project provided the appeal is received at least 24 hours prior to any public hearing regarding the project.

11–02–05 DESIGN REVIEW COMMITTEE

11–02–05.3 Duties, Jurisdiction and Authority

It shall be the responsibility of the Design Review Committee to protect property rights and values, enhance important environmental features of the City and to ensure that the general appearance of buildings and structures along with development of the land shall not impair or preclude the orderly and harmonious development of the community. The Design Review Committee, or its assigned staff, shall review all development proposals within the "D" overlay zoning districts as hereinafter provided. Within these districts, the Committee, with input from other jurisdictions shall regulate landscaping, review building design, site planning, signs, grading, development and beautification, including but not limited to the regulation and restriction of the type, number of stories, size, construction, reconstruction, alteration, repair or use of buildings and structures to ensure compliance with the requirements of the respective overlay district.

11–03–07.3 APPEALS OF DESIGN RE-VIEW COMMITTEE DECISIONS

Any decision of the Design Review Committee may be appealed to the Boise City Planning and Zoning Commission by the applicant, any aggrieved person or the Planning Director.... The Commission may sustain, deny, amend or modify the appeal.

The parties agree that the planned unit development is in a design review district, that is an overlay zoning district, which "adds a requirement to the standards of the underlying district." Boise City Code § 11–01–03.1. The City Council makes the decision on the appeal of the design review approval and the conditional use permit approval. In examining the code provisions, the question to be decided is whether the City Council's approval of a conditional use permit in a design review district only becomes final and subject to review if it includes the design review approval.

■ A cardinal rule of statutory construction is that where a statute is plain, clear and unambiguous, courts are constrained to follow that plain meaning, and neither add to the statute nor take away by judicial construction. *Moon v. Investment Board*, 97 Idaho 595, 596, 548 P.2d 861, 862 (1976); *Poison Creek Pub., Inc. v. Central Idaho Pub., Inc.*, 134 Idaho 426, 3 P.3d 1254 (Ct.App.2000). The objective in interpreting a statute or ordinance is to derive the intent of the legislative body that adopted the act. *Ada County Assessor v. Roman Catholic Diocese of Boise*, 123 Idaho 425, 428, 849 P.2d 98, 101 (1993).

The code provisions do not specify that the design review approval is part of a comprehensive procedure to obtain a conditional use permit or that it must be completed before challenges to the conditional use permit may be heard. Boise City Code § 11–02–05.3 limits the scope of the ultimate design review to landscaping, building design, site planning, signs, grading, development and beautification, including but not limited to the regulation and restriction of the type, number of stories, size, construction, reconstruction, alteration, repair or use of buildings and structures. The design review, although manda-tory for projects within a "D" overlay zoning district, has no bearing on the conditional use application and whether a planned unit development would cause any damage, hazard, nuisance or other detriment. *See* Boise City Code § 11–06–04.01. Nothing in the code identifies the completion of the design review process as the point when the conditional use permit becomes final, requiring no further action by the Council.

■ In recent cases, this Court addressed the question of ripeness of zoning decisions. The Court held the review of a preliminary plat approval to be premature where subsequent approval or denial of a final plat by the governing body was required by the ordinances. *Bothwell v. City of Eagle*, 130 Idaho 174, 938 P.2d 1212 (1997). The Court deemed an "approval in principle" authorized by the Bonneville County ordinance, by its express terms to be a necessary precursor to the submission of a final development plan. *South Fork Coalition, supra.* However, in cases where the approval allowed the developer to take immediate steps to permanently alter the land before final plat approval, the Court held the preliminary plat approval to be a final decision subject to judicial review. *Rural Kootenai Organization, Inc. v. Board of Comm'rs*, 133 Idaho 833, 993 P.2d 596 (1999) (preliminary plat approval allowed immediate steps to permanently alter the land by constructing the necessary infrastructure prior to final plat approval); *Payette River Property Owners Ass'n v. Board of Comm'rs of Valley County, supra*, (combination of a conditional use permit for a preliminary plat and a flood plain permit allowed the developer to drastically change the geography of the land by placing fill thereon, the effect of which was to take the property out of the flood-prone area). Thus, an inquiry into whether further action by the Board or the City is required determines the finality of the approval for appeal purposes.

The approval of the conditional use permit by the City in this case provides that the developer obtain the necessary permits to begin construction, including the design review approval. *See* Boise City Code § 11–06–04.07. Only if the developer fails to com-

ply with the stated conditions of the permit will the Council be required to take further action on the permit and consider revocation. We hold that the City's approval of the conditional use application is a final, appealable decision subject to judicial review. Accordingly, we reverse the district court's order dismissing the appeal and remand the matter for further proceedings on the merits.

## II.

■ CNC requests attorney fees on appeal pursuant to I.C. § 12–117, claiming that the City "acted without a reasonable basis in fact or law" in seeking dismissal of the CNC's petition for judicial review of the conditional use permit approval. CNC argues that the City misled the court by unreasonably arguing that the appeal from the design review approval would provide an opportunity for CNC to challenge the approval of the conditional use permit. CNC further argues that because of the City's filing of the motion to dismiss without a reasonable basis in fact or law, the City caused CNC to incur considerable expense to oppose the City's erroneous interpretation of law.

■ To award fees under I.C. § 12–117, the Court must not only find that the City acted without a reasonable basis in fact or law, but it must also find in favor of the party requesting fees. I.C. § 12–117. The purpose of I.C. § 12–117 is to serve as a deterrent to groundless or arbitrary action and to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges or attempting to correct mistakes agencies should never have made. *Rincover v. State,* 132 Idaho 547, 549, 976 P.2d 473, 475 (1999).

We conclude that because there was no further approval to be obtained from the City Council, the granting of the conditional use permit was final and appealable, and the City's actions delaying review of the conditional use approval through the later design review process were unfounded and unreasonable. The City had the opportunity to minimize the costs to CNC in this appeal by agreeing to the stay of proceedings sought by CNC and agreeing to consolidate this case with others pending in the district court that would allow all issues to be resolved in one proceeding. Instead, the City opposed CNC's motion to stay proceedings and persisted in its motion to dismiss this appeal. As is now clear, this appeal serves no purpose that could not have been equally served by staying the appeal until all matters were resolved in the district court in other cases. The City conceded at oral argument that the decision on the motion to dismiss, whether granted or denied, has no impact upon the ultimate outcome of the dispute between CNC and the City, since the substantive issues remain to be resolved in other proceedings. The City admits that this appeal is largely advisory with the primary issue being the award of attorney fees. Under these circumstances, it was unreasonable for the City to oppose the motion to stay. Accordingly, we award attorney fees to CNC under I.C. § 12–117 for the time spent in this appeal after the City resisted the motion to stay until the City agreed to a remand of this case for consolidation with other pending matters.

## CONCLUSION

We reverse the district court's order dismissing the appeal from the City's approval of the conditional use permit as premature. We award attorney fees on appeal pursuant to I.C. § 12–117 and costs to CNC to be determined pursuant to I.A.R. 40 and 41.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.