109 P.3d 1091

Catherine G. FISCHER; David Nixon; Dorothy L. and W. Hunter Simpson, husband and wife; Sally Behnke, Petitioners–Appellants,

and

Paul and Carol S. Fremont–Smith, husband and wife; Timothy and Natalie Redpath, husband and wife; Frank and Jodine Tonnemaker, husband and wife; Lionel S. Mosley; Stanley C. & Gweneth Carlson, husband and wife; Hayward Sawyer; and Bruce D. Armstrong, Petitioners,

v.

CITY OF KETCHUM, an Idaho municipal corporation; the Ketchum City Council; and the Ketchum Planning and Zoning Commission, Respondents,

and

Douglas Delmonte, Intervenor–Respondent.

No. 29469.

Supreme Court of Idaho,
Idaho Falls, September 2004 Term.

March 25, 2005.

Werth Law Office, PLLC, Ketchum, for appellants. Douglas A. Werth argued.

Benjamin Wilbur Worst, Ketchum, for respondents. Benjamin W. Worst argued.

BURDICK, Justice.

This is a case involving review of a conditional use permit application and a design review application submitted by Douglas Delmonte. Delmonte proposed to build a four-story duplex on his property located in a residential zone within the Mountain Overlay District and the Avalanche Zone District that are governed by specific provisions of the Ketchum Zoning Code. Because the Ketchum City Planning and Zoning Commission (Commission) failed to request an Idaho engineer's certification prior to granting the conditional use permit, the Commission could not legally grant the conditional use permit. The matter is remanded to Ketchum Planning and Zoning Commission for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioners/Appellants (hereinafter Fischer) are owners of real property within the City of Ketchum, located on Sage Road in the vicinity of the undeveloped real property owned by Douglas Delmonte, which is more particularly described as Lot 13, Block 3, Warm Springs Village Subdivision, Fourth Addition. The Delmonte lot is located within the red avalanche zone of the City of Ketchum and is situated on a steep hillside within the City's mountain overlay district.

Delmonte filed an application for design review (Application No. 01–006) of his proposal to construct a 9,000 square foot duplex on his lot. Delmonte also filed an application for a conditional use permit (CUP) (Application No. M001–008) related to an avalanche attenuation device. After proper notice, public hearings were held on the applications on January 14, 2002 and February 11, 2002 by the Ketchum Planning and Zoning Commission. Following the second public hearing, the Commission requested additional materials and information from Delmonte, which he was to provide at the next meeting, sched-

uled for February 25, 2002. On February 12, 2002, the Commission conducted a site visit.

The Commission issued its findings of fact and conclusions of law on the CUP application and a separate set of findings of fact and conclusions of law on the design review application on March 11, 2002. The Commission concluded that the CUP application complied with the Ketchum Zoning Code Title 17 and the Ketchum Comprehensive Plan and approved the CUP application provided certain conditions were met. The condition which became the subject of the controversy herein was:

The building permit plans shall be signed by an engineer licensed in the State of Idaho certifying that "the proposed construction will withstand the avalanche forces set forth in the avalanche studies on file with the City and that the proposed construction will not deflect avalanches toward the property of others[.]"

With respect to the design review application, the Commission recited facts and concluded that the project "does meet the standards of approval under Chapters 17.96 and 17.104 of Zoning Code Title 17." The Commission approved the design review application subject to seven conditions. The conditions that became issues for the Petitioners were the following:

5. The applicant shall submit with the building permit a construction plan that identifies construction dates for excavation, the construction of the wall and any necessary back fill or building construction needed to avoid increasing the avalanche danger to the Warm Springs neighborhood during the winter months, and shall add construction fencing to the sides of the property to keep disturbance within the property[.]

6. Prior to the issuance of a building permit and prior to any on-site excavation, a construction mitigation plan shall be submitted to the Planning Department pursuant to Resolution Number 785[.]

Fischer objected to the proposed construction and filed a timely appeal from the decision of the Commission to the City Council, pursuant to Chapter 17.144.020 of the Ketchum Zoning Code and I.C. § 67–6521. The

Council held a hearing on May 14, 2002, and voted two to one in favor of upholding the Commission. The Council issued its decision on June 3, 2002, adopting the findings of fact of the Commission and upholding the Commission's approval of the design review and CUP applications for the Delmonte duplex.

Seeking further review of the decision of the City Council and the adopted findings of the Commission, Fischer filed a petition for review to the district court.

Fischer filed a motion to augment the record in the district court based upon I.C. § 67–5276 which was denied. The denial was based on the rule that the City Council can only consider

> Matters which were previously considered by the Commission as evidenced by the record, the order, requirement, decision or determination of the Commission and the notice of appeal, together with oral presentation by the appellant, the applicant, ... and the Commission and/or staff representing the Commission.

The district court found because the City Council was limited to these things only and therefore ruled the new information was "not relevant, untimely and improperly filed."

The district court entered its memorandum decision on February 14, 2003, which affirmed the decision of the Council upholding the Commission's approval of Delmonte's applications for design review and for a CUP. Fischer timely filed a notice of appeal from the district court's memorandum decision.

## II. ISSUES ON APPEAL

1. Was the Commission's failure to require an Idaho engineer's certification *prior* to approving Delmonte's conditional use permit a violation of the Ketchum Zoning Code, the Local Land Use Planning Act (LLUPA)?

2. Were the Commission's findings regarding the avalanche application supported by substantial evidence?

3. Were the Commission's findings regarding the design review application supported by substantial evidence?

4. Did the district court abuse its discretion in denying the Appellants' motion to present additional evidence for rebuttal?

5. Should Appellants be awarded attorney fees and costs under the private attorney general doctrine?

6. Should the Appellants be granted attorney fees and costs on appeal pursuant to I.C. § 12–117 and I.A.R. 41?

## III. STANDARD OF REVIEW

The appellate courts will review decisions under the LLUPA and IDAPA independently of the decision of the district court. *Evans v. Bd. of Comm'rs of Cassia County* 137 Idaho 428, 430, 50 P.3d 443, 445 (2002). The standards governing judicial review in a case involving the LLUPA provide that this Court

> does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67–5279(1). Rather, this Court defers to the agency's findings of fact unless they are clearly erroneous. *Price,* 131 Idaho at 429, 958 P.2d at 586 (citing *Castaneda v. Brighton Corp.,* 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998)) (citing *South Fork Coalition v. Board of Comm'rs of Bonneville County,* 117 Idaho 857, 860, 792 P.2d 882, 885 (1990)). "In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial competent evidence in the record." *Id.*

The Board's zoning decision may only be overturned where its findings: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure: (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. *Id.* (citing I.C. § 67–5279(3)). The party attacking the Board's decision must first show that the Board erred in a manner specified in Idaho Code § 67–5279(3), and then it must show that its substantial right has been prejudiced. *Id.* (citing *Angstman v. City*

*of Boise,* 128 Idaho 575, 578, 917 P.2d 409, 412 (Ct.App.1996)).

*Friends of Farm to Market v. Valley County,* 137 Idaho 192, 196, 46 P.3d 9, 13 (2002).

## IV. ANALYSIS

### A. March 11, 2002 Approval Of The Conditional Use Permit Application

■ Fischer argues that the action taken by the Commission on March 11, 2002, was a decision granting a CUP. That decision must be reversed, argues Fischer, because the application did not contain a certification from an Idaho licensed engineer, which is required pursuant to the Ketchum Zoning Code (KZC) § 17.92.010(D)(2) governing avalanche zone districts. The City denies any failure to comply with the procedural requirements of the Code and insists that the Commission has only approved the CUP application with conditions, including a condition that the engineer's certification is provided before the CUP will be granted and a building permit issued. Fischer contends that following the City's reasoning not only allows for the submission of the engineering certification to occur after the Commission's approval, but also she will be denied not only an opportunity to rebut the certification at the public hearing (I.C. § 67–6512(b)) but also obfuscates the final filing date for appeal or judicial review.

KZC Section 17.92.010(D)(2) provides:

Avalanche protective, deflective and preventative structures, devices or earthwork, which threaten to deflect avalanches toward the property of others or otherwise threaten to increase the danger to persons or property are prohibited. The construction of such structures, devices or earthwork shall be permitted only as a conditional use. *Prior to granting of a conditional use permit,* the applicant shall submit to the City plans signed by an engineer licensed in the state of Idaho, certifying that the proposed construction will withstand the avalanche forces set forth in the avalanche studies on file with the City and that the proposed construction will not deflect avalanches toward the property of others. Other information and engineering studies may be requested

in consideration of an application for a conditional use permit. As a further condition of any conditional use permit, appropriate landscaping may be required where such structures, devices or earthwork alter the natural slope or beauty of the land. This shall not apply to reforestation. Alteration or removal of any existing natural barriers is prohibited.

*Id.* (emphasis added).

KZC Section 17.92.010(D)(3) provides:

*Prior to the issuance of building permit* for any structure within the Avalanche Zone, except a single-family residence, the applicant shall submit to the Ketchum Building Inspector plans signed by an engineer licensed in the state of Idaho, certifying that the proposed construction will withstand the avalanche forces as set forth in the avalanche studies on file with the City, or the avalanche forces set forth in a study of the property in question prepared at the owner's expense and submitted to the City by a recognized expert in the field of avalanche occurrence, force and behavior.

*Id.* (emphasis added). Fischer compares the language in the two sections, which in the first instance relates to "the granting of a CUP" and in the second instance relates to "the issuance of a building permit." Fischer contends only the Commission may grant a CUP, which action is not ministerial in nature and is distinct from the issuance of a building permit. We agree.

Under the Ketchum Zoning Code, conditional uses "shall be allowed only upon the approval of the Commission, subject to such conditions as the Commission may attach. Such approval shall be in the form of a written permit." KZC § 17.116.010. *See also* I.C. § 67–6519 (providing for a procedure for processing applications for permits that are to be examined before the commission makes its decision on the permit or makes its recommendation to the governing board). Only when the application demonstrates that conditional use permit criteria have been satisfied, shall the Commission "grant" a conditional use permit. KZC § 17.116.030.

When deciding whether to grant a CUP, the Ordinance requires the Commissioners to consider whether the application satisfies the general CUP criteria, as well as whether the proposed avalanche attenuation device "threaten[s] to deflect avalanches toward the property of others or otherwise threaten to increase the danger to persons or property." *See* KZC § 17.116.030; KZC § 17.92.010(D)(2). The burden of persuasion is upon the applicant (Delmonte) to show that all of the above requirements were satisfied. *Howard v. Canyon County Bd. of Comm'rs,* 128 Idaho 479, 481, 915 P.2d 709, 711 (1996).

After three public hearings and a site visit, the Commissioners found:

> The duplex is proposed to be constructed to withstand the forces of avalanches. The duplex is proposed to have a structural wall positioned mostly perpendicular to the flow of the design avalanche.... The Commission found that, in addition, the proposal would not otherwise threaten to increase the danger to persons or property.
>
> * * *
>
> The applicant will need to submit building permit plans which are stamped by the engineer certifying that the proposed construction will withstand avalanche forces set forth in the avalanche studies on file with the City and that the proposed construction will not deflect avalanches toward the property of others. The Commission found that the design and proposed construction of the building meets this standard only if the working drawings prepared for the building permit are certified by an engineer according to this standard. If the plans are not certified, the applicant does not receive a Conditional Use Permit or a building permit. The Commission found that if the applicant meets the conditions of approval, there will be no increase in danger to the neighborhood.

The Commission thereafter concluded that the application complies with Ketchum Zoning Code Title 17 and the Ketchum Comprehensive Plan and approved the CUP application on February 25, 2002. The Commission attached to its decision approving the CUP a condition that "the building permit plans shall be signed by an engineer licensed in the State of Idaho certifying that 'the proposed construction will withstand the avalanche forces set forth in the avalanche studies on file with the City and that the proposed construction will not deflect avalanches toward the property of others.' "

Fischer argues that pursuant to Title 17, the Commission shall "approve, deny or approve with conditions the application for a conditional use permit." KZC § 17.116.040. Fischer asserts that approval is the "granting" of a CUP, *see* KZC 17.116.050, challenging the City's position that it will grant the CUP upon receipt of the engineer's certification.

We apply the same principles in construing municipal ordinances as we do in the construction of statutes. *Friends of Farm to Market v. Valley County,* 137 Idaho 192, 197, 46 P.3d 9, 14 (2002), (citing *Cunningham v. City of Twin Falls,* 125 Idaho 776, 779, 874 P.2d 587, 590 (Ct.App.1994)). Any such analysis begins with the literal language of the enactment. *Ada County v. Gibson,* 126 Idaho 854, 856, 893 P.2d 801, 803 (Ct.App.1995). All sections of applicable statutes must be construed together so as to determine the legislature's intent. *Friends of Farm to Market,* 137 Idaho at 197, 46 P.3d at 14, (citing *Lockhart v. Dept. of Fish and Game,* 121 Idaho 894, 897, 828 P.2d 1299, 1302 (1992)).

In the instant case, Delmonte made a similar argument as that made by Mr. Daley, in *Daley v. Blaine County* that it is impractical and uneconomical to obtain an engineer's certification until the application is approved. In *Daley v. Blaine County,* 108 Idaho 614, 701 P.2d 234 (1985), the Supreme Court affirmed the Board of Commissioners' denial of a conditional use permit to erect a building for residential use in a flood plain management district. Daley challenged the denial and argued that he could not "see going out and spending $500 to $800 to design a [mound] system that shows it can be done right, and then having the application denied anyway." *Daley,* 108 Idaho at 616, 701 P.2d at 236. Because "the application for the conditional use permit did not contain all

necessary building specifications, or the specifications for sewer and water facilities," the Court determined that serious questions remained unanswered by the applicant, justifying the Commissioners' decision to deny the conditional use application. *Id.*

The CUP application in Delmonte's case does not include an engineer's report to ensure that the avalanche attenuation device will meet the standard of the ordinance, and approval of the application without the required certification avoids compliance with the ordinance.

The Commission cannot issue findings of fact supporting compliance with its ordinance without the certification of a licensed engineer to the fact that the ordinance's underlying requirements have been met. Without the certification of the licensed engineer at the public hearings leading to the issuance of the conditional use permit, the interested public has no meaningful chance to comment on the CUP's impact on community or other facts affecting surrounding property.

The Commission's two-step process of "approval with conditions" prior to granting the CUP, nullifies the importance of the statutory public hearing required under I.C. § 67–6512(b). In the system which exists now, the conditions of the Commission's "approval" are referred to staff. Staff then makes the decision as to whether the conditions have been met and refers the matter back to the Commission for final granting of the CUP. In doing so there is no chance for public comment on the final granting of the CUP. Idaho Code § 67–6512(e) specifically contemplated that further studies may be ordered but those must be done prior to granting the CUP. Again, the interested parties right to a public hearing is weakened or possibly nullified if those studies are not completed prior to the public hearing.

The Ketchum zoning ordinances show only the Commission may grant a CUP, not the staff. By I.C. § 67–6512 the CUP can only be granted, denied, or granted with conditions by the Commission.

 Ketchum further argues Fischer has failed to timely file the notice of appeal from the Commission. It is clear the Commissions

"approval of Dalmonte's CUP was a final appealable order, thus implying it was a granting of the CUP pursuant to I.C. § 67–6512." In *Canal/Norcrest, Columbus Action Committee v. City of Boise,* 136 Idaho 666, 668, 39 P.3d 606, 608 (2001), the issue presented to the Court was whether the approval of the conditional use permit was a final action by the city. The Court inquired into whether further action by the Board or the City is required determines the finality of the approval for appeal purposes and held:

> The approval of the conditional use permit by the City in this case provides that the developer obtain the necessary permits to begin construction, including the design review approval. Only if the developer fails to comply with the stated conditions of the permit will the Council be required to take further action on the permit and consider revocation. [The Court held] that the City's approval of the conditional use application is a final, appealable decision subject to judicial review.

*Id.* at 671–72, 39 P.3d at 610–11. (internal citations omitted). It has previously been held the date on which the decision is made corresponds to the date of the written findings, conclusions and order, which starts the time for filing an appeal. See *White v. Bannock County Comm'rs,* 139 Idaho 396, 80 P.3d 332 (2003). Here, Fischer properly filed the notice of appeal from the decision of the Commission, which the City of Ketchum is asserting is merely the "approval" of the CUP.

Because the Court has found the Commission failed to properly grant a Conditional Use Permit the other issues presented are moot.

### E. Attorney Fees

 Fischer asserts an entitlement to attorney fees under I.C. § 12–117. The statute provides: "In any administrative or civil judicial proceeding involving as adverse parties … a city … and a person, the court shall award the person reasonable attorney fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the … city … acted without a reasonable basis in fact or law." The statute

is not discretionary but provides that the court must award attorney fees where a state agency did not act with a reasonable basis in fact or law in a proceeding involving a person who prevails in the action. *See Dep't of Finance v. Resource Service Co., Inc.*, 134 Idaho 282, 284, 1 P.3d 783, 785 (2000). As previously explained by this Court, one of the purposes of this section is to provide a remedy for persons who have borne unfair and unjustified financial burden attempting to correct mistakes agencies should never have made. *Bogner v. State Dep't of Revenue & Taxation*, 107 Idaho 854, 859, 693 P.2d 1056, 1061 (1984). The appellate court exercises free review over the decision of a district court applying I.C. § 12–117. *See id.*

The City wholly ignored the provision of its avalanche zone district ordinance requiring the certification by an Idaho licensed engineer "prior to the granting of a conditional use permit."

 The Court finds Fischer is the prevailing party. The Court finds the Commission ignored the plain language of the ordinance that a certification by a licensed engineer concerning an avalanche attenuation device is required before granting a CUP. Where an agency has no authority to take a particular action, it acts without a reasonable basis in fact or law. *Moosman v. Idaho Horse Racing Commission*, 117 Idaho 949, 954, 793 P.2d 181, 186 (1990).

Pursuant to I.C. § 67–6512, the CUP can only be granted or denied—and if granted some conditions may apply. There is no provision for an interim "approval" with conditions. The City had no authority to enact an ordinance inconsistent with I.C. § 67–6512. Attorney fees are awarded to Fischer pursuant to I.C. § 12–117.

Because of the award of attorney fees pursuant to I.C. § 12–117, the Court does not address the request for fees pursuant to the private attorney general's doctrine.

## V. CONCLUSION

There was no certification of the avalanche attenuation device by an Idaho licensed engineer submitted to the Commission. Its absence precludes the approval of the conditional use permit, which has as a prerequisite the engineering certification. The Commission has never properly granted the CUP and therefore the Court need not address any other issues until the proper procedure has been utilized.

Fischer is found to be the prevailing party and the Court finds that the City acted without a reasonable basis in fact or law, and therefore awards attorney fees pursuant to I.C. § 12–117. The matter is remanded to the Planning and Zoning Commission for further proceedings consistent with this opinion.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and KIDWELL, Pro Tem concur.