# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34483

| | | |
|---|---|---|
| IN THE MATTER OF THE PERSON OF: JESS C. MATEY, AN INCAPACITATED PERSON. | ) ) ) | |
| ----------------------------------------------------------- | ) | |
| IDAHO DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | Boise, June 2009 Term |
| v. | ) ) | 2009 Opinion No. 95 |
| JESS C. MATEY, an incapacitated person, | ) ) | Filed: July 9, 2009 |
| Defendant, | ) ) | Stephen W. Kenyon, Clerk |
| and | ) ) | |
| CHRIS J. and PAM S. MATEY, | ) ) | |
| Real Parties in Interest-Respondents. | ) ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Blaine County. Honorable Robert J. Elgee, District Judge. Honorable R. Ted Israel, Magistrate Judge.

The decision of the district court is <u>affirmed</u> in part and <u>reversed</u> in part and the case is <u>remanded</u>.

Honorable Lawrence G. Wasden, Idaho Attorney General, Boise, for appellant. Margaret P. White argued.

Hepworth, Lezamiz & Janis, Chtd., Twin Falls, for respondents. Robyn M. Brody argued.

_____

J. JONES, Justice

The Idaho Department of Health and Welfare appeals from the district court's decision determining the amount of its reimbursement from a Medicaid recipient's settlement. We affirm in part, reverse in part and remand the case for further proceedings.

1

**I.**

In June 2004, sixteen-year-old Jess Matey was seriously injured in a car accident. He sustained a traumatic brain injury and now requires continual care. As a result of his injuries, he became eligible for and received Medicaid benefits. An Idaho statute requires Medicaid recipients who receive damages from third parties to reimburse the Department to the extent of the medical expenses it paid. *See* I.C. § 56-209b. In *Arkansas Department of Health and Human Services v. Ahlborn*, 547 U.S. 268 (2006), the United States Supreme Court limited the reimbursement obligation to that portion of the damages representing medical expenses. At the time of the accident, Jess' parents, Chris and Pam Matey, (the Mateys) were insured by State Farm,[1] which ultimately agreed to pay the Mateys $1,250,000.00, conditioned on them obtaining court approval of the proposed settlement and payment of the funds into a special needs trust for Jess.

In compliance with their settlement with State Farm, the Mateys filed a petition with the magistrate court in July 2006. They asked the court to approve the settlement with State Farm, to establish a special needs trust for Jess, and to determine the amount of money necessary to satisfy the Department's statutory right of reimbursement. Notice of the hearing on the Mateys' petition was given to the Department, as required by I.C. § 68-1403(5). The Department objected to the petition, asserting that no settlement funds should be paid to the special needs trust until the Department's Medicaid statutory right of reimbursement was satisfied pursuant to I.C. § 68-1405(4).[2]

On September 26, 2006, a hearing was held before the magistrate court. At the hearing, the Mateys presented the following evidence regarding Jess' total damages:

| Type of Damage | | Amount |
|---|---|---|
| Past Medical Expenses Paid by Medicaid | $ | 60,752.54 |
| Other Past Medical Expenses Paid | $ | 345,562.74 |
| Miscellaneous Expenses Paid by Mateys | $ | 30,031.18 |
| Past Lost Earnings | $ | 28,685.00 |
| Future Lost Earnings | $ | 2,538,755.50 |
| Lost Household Services | $ | 338,355.00 |
| Future Medical Expenses | $ | 16,288,637.00 |

---

[1] The Mateys' policy included underinsured motor vehicle coverage up to $250,000.00 and they had an umbrella policy providing an additional $1,000,000.00 in underinsured motor vehicle coverage.

[2] At the time the petition was filed, the amount paid by the Department was $60,752.54. The amount at the time of the magistrate court's final order was $76,757.70.

| | | |
|---|---|---|
| Non-Economic Damages[3] | $ | 268,026.56 |
| TOTAL VALUE | $ | 19,888,805.52 |

The Department did not dispute these damage figures and, in fact, presented no evidence or argument on the issue of damages.

Because the Mateys' settlement was only $1,250,000.00 – a fraction of the total value of the claim – they argued that the proceeds should be allocated proportionately between the different categories of damages as follows: [4]

| Type of Damage | | Amount |
|---|---|---|
| Past Medical Expenses Paid by Medicaid | $ | 3,818.26 |
| Other Past Medical Expenses Paid | $ | 21,718.42 |
| Miscellaneous Expenses Paid by Mateys | $ | 1,887.44 |
| Past Lost Earnings | $ | 1,174.34 |
| Future Lost Earnings | $ | 159,559.32 |
| Lost Household Services | $ | 21,265.42 |
| Future Medical Expenses | $ | 1,023,731.48 |
| Non-Economic Damages | $ | 16,845.32 |
| TOTAL SETTLEMENT | $ | 1,250,000.00 |

Based on this allocation of the settlement, the Mateys argued that the Department was entitled to $3,818.26, or approximately 1/16th of the total expenses paid by Medicaid. The Department did not dispute the Mateys' proposed settlement allocation, nor did it present any proposed alternate allocation.

Following the hearing, the magistrate court issued an order approving the settlement, establishing the special needs trust, and approving the proposed allocation to the Department. A subsequent court order set the Department's allocation at $4,817.88, based upon the amount of Medicaid payments as of the court's final order, less $282.58 as its allocated share of attorney fees and costs, for a total of $4,585.30.[5] The Department appealed to the district court, which affirmed the magistrate's decision. The Department appealed to this Court.

---

[3] This amount was based on the cap contained in I.C. § 6-1603.
[4] The settlement was only 6.285% of the total value of Jess' claim ($1,250,000.00 divided by $19,888,805.52). Therefore, each category of damages was reduced to 6.285% of its total value.
[5] The correct figure would be $4,535.30.

## II.

### A.      Standard of Review

When reviewing a decision of the district court acting in its appellate capacity, this Court directly reviews the district court's decision. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008).

### B.  The District Court Properly Affirmed the Magistrate Court's Decision Regarding the Allocation of Damages

The Department argues that the district court erred in affirming the magistrate court's decision because the magistrate court did not apply the presumption in I.C. § 56-209b(6):

> If a settlement or judgment is received by the [Medicaid] recipient without delineating what portion of the settlement or judgment is in payment of medical expenses, it will be presumed that the settlement or judgment applies first to the medical expenses incurred by the recipient in an amount equal to the expenditure for medical assistance benefits paid by the department as a result of the occurrence giving rise to the payment or payments to the recipient.

I.C. § 56-209b(6). The Department insists that it should have received the full amount it expended on Jess' behalf based on this statutory presumption. The Mateys counter that the presumption did not apply in this case because they did not "receive" the settlement until after a contested hearing at which the judge allocated the settlement monies.[6]

In adopting the Mateys' allocation of the settlement, the magistrate court noted that the Department had not presented any evidence on the issue of damages or how to distribute the settlement money. The Court stated, however, that the Mateys presented an exhibit showing their total claim and the allocation thereof, including the Department's share and that the Department "*has not rebutted these propositions in any manner.*" Neither the magistrate court nor the district court explicitly referenced the statutory presumption in I.C. § 56-209b(6).

In *Department of Health and Welfare v. Hudelson*, 146 Idaho 439, 196 P.3d 905 (2008), we held that a settlement is "received" for purposes of the statutory presumption when the trial court enters an order approving the settlement. *Hudelson*, 146 Idaho at 443, 196 P.3d at 909. In that case, the Medicaid recipient settled his claim with the third party and filed a petition with the magistrate court asking the court to approve the settlement, as well as a damage allocation agreed

---

[6] One argument advanced by the Mateys – that *Ahlborn* overruled I.C. § 56-209b(6) – was rejected by this Court in *Department of Health and Welfare v. Hudelson*, 146 Idaho 439, 445, 196 P.3d 905, 911 (2008).

4

upon between these parties. *Id.* at 441, 196 P.3d at 907. The court approved both the settlement and the allocation. *Id.* In a separate action, the Medicaid recipient filed a petition to determine the amount of the Department's reimbursement right, asserting that the presumption did not apply because the settlement was allocated in the prior action. *Id.* We held that the allocation approved in the first action was not binding on the Department because the Department was not a party to that action. *Id.* at 444, 196 P.3d at 910. Therefore, since Hudelson had received a settlement that did not delineate what portion of the settlement represented medical payments, the presumption applied. *Id.* at 443-44, 196 P.3d at 909-10.

Here, the presumption did not come into play because the Department, although having been given notice and an opportunity to be heard, failed to contest the evidence and proposed damage allocation presented by the Mateys. Unlike in *Hudelson*, here the Court approved the allocation at the same time it approved the settlement – after a hearing where both the Department and the Mateys had an opportunity to present evidence. The Department chose not to contest the evidence presented by the Mateys or to present its own evidence regarding the type and amount of damages sustained by Jess, including the amount of future medical expenses that Jess might reasonably incur or the source of payment of such expenses. The Department did not avail itself of the opportunity to show what portion of the anticipated future medical expenses would be shouldered by the special needs trust, based on its terms, or what portion might fall upon Medicaid and other sources.[7] The Department could have requested an evidentiary hearing on these issues, cross-examined the Mateys' witnesses, presented its own evidence, and, if necessary, requested additional time in order to properly prepare its case. Rather than doing so, the Department allowed the Mateys' evidence to remain unopposed, as the magistrate noted in his decision. The district court did not err in affirming the magistrate's decision regarding the allocation of damages.

---

[7] The special needs trust was to be funded by all categories of damages received by Jess but the lion's share of damages represents medical expenses. The trust is not limited to paying medical expenses but, rather, provides for payment of a wide variety of expenses, including a home, travel, entertainment, vacations, and the like. The trust contemplates that Medicaid and other sources will pay most of Jess' future medical expenses and that it will only pay expenses not covered by other payors. The Department could have offered evidence bearing on the question of what portion of the trust funds would be necessary to meet these supplemental medical expenses.

5

## C. The District Court Erred in Affirming the Magistrate Court's Determination of the Amount of Reimbursement

The Department contends, further, that it is entitled to full reimbursement even with the allocation approved by the magistrate court and affirmed by the district court. According to the Department, it is entitled to assert its claim against all medical expense categories in the damage allocation. This would include past medical expenses paid by sources other than Medicaid and future medical expenses. The Department acknowledges that *Ahlborn*, as interpreted by this Court in *Hudelson*, precludes it from making claim for future medical expenses that may be paid by Medicaid, but asserts that it can look to the full medical expense allocation as the source to satisfy its claim for past medical expenses paid by Medicaid.

With regard to past medical expenses paid by others, the Department is clearly on solid ground. Under I.C. § 56-209b(5) the Department:

> shall have priority to any amount received from a third party or entity which can reasonably be construed to compensate the recipient for the occurrence giving rise to the need for medical assistance, whether the settlement or judgment is obtained through the subrogation right of the department or through recovery by the recipient, and whether or not the recipient is made whole by the amount recovered.

The federal Medicaid statutes, particularly 42 U.S.C. §§ 1396a(a)(25)(H) and 1396k(a), require that a state medical assistance plan contain such provisions. The *Ahlborn* decision did not affect a state's ability to assert its priority to recovery of damages attributable to medical expenses. Indeed, the Supreme Court stated that 42 U.S.C. § 1396k(b) requires "that the State be paid first out of any damages representing payments for medical care before the recipient can recover any of her own costs for medical care." *Ahlborn*, 547 U.S. at 282. Thus, the Department was clearly entitled, as it argued both below and before this Court, to assert its claim against the amount allocated to other past medical expenses paid. The magistrate court erroneously determined that section 56-209b(5) provided no authority "for reimbursement from medical assistance provided by others" and the district court erred in upholding that ruling. Thus, we reverse the court's decision in this regard.

The Department, although acknowledging as it must that *Hudelson* prevents the State from seeking recovery with regard to future medical expenses it might pay on behalf of Jess under the Medicaid program, asserts that section 56-209b also allows it to recover

reimbursement for the past Medicaid expenditures made on his behalf from that part of his damage award allocated to future medical expenses. In other words, the Department is not seeking to be paid for its future outlays but is asserting its past outlays should be reimbursed out of a Medicaid recipient's award for future medical expenses, where the amount allocated to past medical expenses is not sufficient to satisfy the Department's claim. Here, again, the Department appears to be correct. Under *Ahlborn*, a number of damage categories were put off limits to state Medicaid reimbursement claims on the grounds that they were the "property" of the Medicaid recipient and thereby shielded by 42 U.S.C. § 1396p, the anti-lien provision of the federal Medicaid law. *See Ahlborn*, 547 U.S. at 283. Thus, a state may not seek reimbursement from damages awarded for lost earnings, lost household services, non-economic injury and the like because, according to the Supreme Court, those damage categories are the property of the Medicaid recipient. However, the Supreme Court specifically stated that damages received for medical care did not constitute property subject to the anti-lien provisions. *Id.* at 284. The court made no distinction between damages for past medical care and those for future medical care. Nothing in 42 U.S.C. § 1396p indicates that the State may not seek recovery of its payments from a Medicaid recipient's total award of damages for medical care whether for past, present, or future care. Thus, the Department is entitled to reimbursement for its past Medicaid payments[8] and the court erred in holding otherwise.

### D. Attorney Fees

The Mateys request reasonable costs and attorney fees on appeal, pursuant to I.C. § 12-117(1). That section provides that in any civil judicial proceeding involving a state agency and a person, "the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law." I.C. § 12-117(1). To award attorney fees under this section, the Court must rule in favor of the Mateys and also find that the Department acted without a reasonable basis in fact or law. *Canal/Norcrest/Columbus Action Comm. v. City of Boise*, 136 Idaho 666, 671, 39 P.3d 606, 611 (2001). Neither requirement has been met so we decline to award attorney fees.

---

[8] Here, because the amount of damages allocated to the various categories of medical expenses exceeds the amount of the Department's claim, it will receive full reimbursement.

**III.**

The district court's decision is affirmed in part and reversed in part. The case is remanded for calculation of the Department's additional entitlement and assessment of a proportionate share of fees and costs against said additional recovery. We decline to award costs or attorney fees to either party.

Chief Justice EISMANN, and Justices W. JONES and HORTON, and Justice Pro Tem KIDWELL CONCUR.