180 P.3d 487

**Larry SPENCER, Petitioner–Appellant,**

v.

**KOOTENAI COUNTY, a political subdivision of the State of Idaho, acting through the Kootenai County Board of Commissioners, in their official capacities, Respondent.**

No. 33060.

Supreme Court of Idaho,
Boise, January 2008 Term.

March 6, 2008.

Ian D. Smith, Coeur d'Alene, for appellant.

John A. Cafferty, Kootenai County Legal Services, Coeur d'Alene, for respondent.

J. JONES, Justice.

Kootenai County denied Larry Spencer's application for a site disturbance permit to construct a 24–foot–wide driveway to serve two adjoining parcels of real property. Spencer sought judicial review in district court. The district court affirmed, resulting in Spencer's appeal to this Court. We affirm.

## I.

In October of 2004, Larry Spencer applied for a site disturbance permit to construct a 24–foot–wide driveway to serve two adjoining parcels he owned near Hayden Lake. At the time of application, both parcels were unimproved. Spencer intended to build a residence on one of the parcels and to develop the other parcel in the future. In reviewing Spencer's application, the Kootenai County Building and Planning Department (Department) determined the area to be subject to "high risk sites" requirements imposed by the County's Site Disturbance Ordinance (SDO), due to its steep grade and high risk of erosion. An assistant planner with the Department consequently advised Spencer's engineer, by letter dated November 29, 2004:

> If Mr. Spencer intends to subdivide this property, this project shall be approved and the construction shall be inspected by the Lakes Highway District in order to assure compliance with potential future public dedication. If Mr. Spencer does not intend to subdivide this property, then the road width must be narrowed to 20 feet and the road constructed in accordance with the County's driveway standards.

Spencer subsequently applied for subdivision approval.

In March of 2005, the principal planner of the Department sent Spencer another letter. This letter informed Spencer that the Department would issue a permit to begin construction of one 20–foot common driveway to provide access to the two existing parcels, once Spencer's plans met the requirements of the SDO. However, she wrote that the Department would not issue a permit to begin construction of a 24–foot–wide road until Spencer received subdivision approval. According to this letter, "[t]o approve a 24 foot wide road to serve two lots, would not be in keeping with the best management practices of minimizing imperviousness and the area that is disturbed." The Department sent an additional letter on March 14, 2005 confirming that it could not issue a permit for a 24–foot–wide road until Spencer received subdivision approval.

Spencer appealed the Department's refusal to grant a permit for a 24–foot–wide road. A hearing examiner heard the appeal on April 7, 2005. At this hearing, Spencer appeared under protest, asserting that this was not the proper venue for his appeal since the SDO entitled him to be heard on appeal by a five-member appeal board. Spencer argued that he was presently in need of the wider road in order to build a residence on one of the two parcels, and that waiting for subdivision approval would cause a significant delay in his plans. In addition, he argued that the ordinance did not prohibit roads wider than 20 feet, and that it was better site disturbance management to build the road just one time at the wider width. Finally, he claimed that he would need the wider road in order to accommodate entertaining at his home, even if he did not subdivide the other parcel.

The hearing examiner recommended that the Board affirm the decision denying the permit to construct a 24–foot–wide road. She concluded that the Department's denial of a driveway wider than the minimum permissible width of 20 feet was consistent with the SDO and its best management practices (BMPs) for storm water management. The hearing officer specifically cited a BMP calling for the minimization of impervious sur-

faces to reduce storm water runoff, and specifically minimizing the disturbance of any areas that are not actually needed for the specified construction (BMP No. 4). She observed: "The applicant is effectively seeking approval to construct subdivision infrastructure prior to subdivision approval, which is contrary to the intent, if not the explicit requirements, of the subdivision ordinance in effect at the time of the application." Spencer appealed to the Board of County Commissioners, which upheld the hearing examiner.

Spencer then sought judicial review of the Board's decision in district court. First, Spencer claimed that the decision was made upon unlawful procedure because he was entitled to an appeal before a five-member appeal board, whereas he only received a hearing before a single hearing examiner. The district court held that the Board's decision was not founded upon unlawful procedure, and that Spencer was not denied due process through the use of a single hearing examiner. In addition, Spencer argued the decision to deny the 24–foot–wide road was not supported by substantial evidence, and was arbitrary, capricious, and an abuse of discretion. The district court examined the findings of fact, the county ordinances, and the BMPs to find the decision was supported by substantial evidence, and that the board did not act arbitrarily, capriciously, or abuse its discretion in denying the permit. Spencer then filed a petition for rehearing and a motion to augment the record. In the petition, Spencer asserted that the County failed to provide certain exhibits to the hearing examiner as required by the SDO. In addition, Spencer asserted the County convinced him to subdivide so that he could build the 24–foot driveway. The district court denied the petition for rehearing and the motion to augment. Spencer appealed to this Court.

## II.

We are presented with questions of: (1) whether the County made its decision upon unlawful procedure; (2) whether the Board violated Spencer's substantive and procedural due process rights when it denied his application to construct a 24–foot–wide driveway; (3) whether the Board's decision violat-

ed the SDO, was not supported by substantial evidence in the record as a whole, and/or was arbitrary, capricious or an abuse of discretion; and (4) whether the district court erred when it denied Spencer's motion to augment the record.

### A.

In an appeal from a district court, where the court was acting in its appellate capacity under IDAPA, the Supreme Court reviews the agency record independently of the district court's decision. *Cowan v. Bd. of Comm'rs of Fremont County,* 143 Idaho 501, 508, 148 P.3d 1247, 1254 (2006). As to the weight of the evidence on questions of fact, this Court will not substitute its judgment for that of the zoning agency. *Id.* The Court defers to the agency's findings of fact unless they are clearly erroneous; and the agency's factual determinations are binding on the reviewing court, even when there is conflicting evidence before the agency, so long as the determinations are supported by evidence in the record. *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley County,* 132 Idaho 551, 554, 976 P.2d 477, 480 (1999). Planning and zoning decisions are entitled to a strong presumption of validity, including a board's application and interpretation of its own zoning ordinances. *Cowan,* 143 Idaho at 508, 148 P.3d at 1254.

The Court shall affirm the zoning agency's action unless the Court finds that the agency's findings, inferences, conclusions or decisions are: (a) in excess of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion. I.C. § 67–5279(2); *Cowan,* 143 Idaho at 508, 148 P.3d at 1254. The party attacking a zoning board's action must first illustrate that the board erred in a manner specified therein and then must show that a substantial right of the party has been prejudiced. *Id.*

### B.

Spencer asserts the Board failed to follow the clear language of its own ordi-

nance when it appointed a single hearing examiner to hear his appeal, which prejudiced Spencer because the single hearing examiner lacked the technical background to understand the engineering documents and to make a reasoned decision as to whether the stormwater management plan met the requirements of the SDO. The SDO, Ordinance No. 283, provides in § 10(D):

> *Appeals.* The Board of County Commissioners shall appoint a 5–member Appeal Board consisting of one current Planning Commissioner, two local design professionals, and two landowners which must reside in the unincorporated area of the County. Members shall serve in staggered, two-year terms. Appeal Board hearings shall be conducted as necessary.

The County did not appoint a 5–member appeal board to conduct the hearing. Rather, the County appointed a single hearing examiner to hear Spencer's appeal. While I.C. § 67–6520 allows a single hearing examiner to conduct a hearing under the Local Land Use Planning Act "if authorized by the local ordinance," no such ordinance existed here. Rather, the applicable ordinance specifically called for a five-member appeal board. Thus, it is clear the county employed "unlawful procedure" within the meaning of I.C. § 67–5279.

However, that is not the end of the story. The Board subsequently heard Spencer's appeal from the hearing examiner's recommendation. Upon appeal of the hearing examiner's decision, the Board reviewed the record *de novo.* The Board's decision effectively displaced the proposed decision by the hearing examiner. *See Idaho State Ins. Fund v. Hunnicutt,* 110 Idaho 257, 259, 715 P.2d 927, 929 (1985); *Idaho Dept. of Correction v. Anderson,* 134 Idaho 680, 685, 8 P.3d 675, 680 (Ct.App.2000) ("When a matter has been initially assigned to a Personnel Commission hearing officer and is subsequently appealed from the hearing officer's decision to the Commission, the Commission conducts a *de novo* review of the record and renders an independent decision that effectively displaces the proposed decision of the hearing officer."). As this Court held in *Hunnicutt:*

It was not the function of the district court to determine whether the hearing officer's determination was reasonable in light of the record, or to weigh the decision of the hearing officer against that of the Commission. Rather, the district court's function was to review "the decision of the *commission . . .*"

*Hunnicutt,* 110 Idaho at 259, 715 P.2d at 929. The Board's decision and order is the final agency action which this Court shall review. *See id.; Anderson,* 134 Idaho at 686, 8 P.3d at 681.

In this case, it appears from the record that the Board conducted a *de novo* review. The Board's decision indicates that testimony was received from Spencer and that the Board heard "no other public testimony." Although the initial hearing was upon unlawful procedure, there is nothing in the record indicating the Board's hearing was unlawful. Any determination by the hearing examiner was merely a recommendation, just as the decision of a five-member appeal board would have been. This Court reviews the final action of the agency. In this case, the Board considered the hearing examiner's recommendation as well as additional testimony from Spencer, and the Board's decision was the final agency action. Since Spencer received a *de novo* hearing by the Board, and points to nothing which indicates that unlawful procedure occurred at the Board hearing, we decline to reverse the Board on this ground.

In addition, Spencer points to nothing in the record which indicates his substantial rights were prejudiced by virtue of the improper handling of the initial appeal, particularly since he received the minimum 20–foot roadway that is available for a residence. *See* I.C. § 67–5279(4) (agency action to be affirmed despite employment of unlawful procedure, unless substantial rights of appellant have been prejudiced). Thus, although the initial hearing was held upon unlawful procedure, we affirm the order of the district court upholding the Board's decision.

### C.

Spencer also asserts both procedural and substantive due process violations.

Due process issues are generally questions of law, and this Court exercises free review over questions of law. *Idaho Historic Pres. Council, Inc. v. City Council of City of Boise,* 134 Idaho 651, 654, 8 P.3d 646, 649 (2000). Procedural due process requires that some process be provided to ensure that the individual is not arbitrarily deprived of his or her rights in violation of the state or federal constitutions. *Cowan,* 143 Idaho at 510, 148 P.3d at 1256. The U.S. Supreme Court has stated that the identification of the specific dictates of due process generally requires consideration of three distinct factors: the private interest that will be affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used, and the probative value, if any, of additional or substitute procedural safeguards; and the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute requirements would entail. *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18, 32–33 (1976), *cited in Gay v. County Comm'rs of Bonneville County,* 103 Idaho 626, 628–29, 651 P.2d 560, 562–63 (Ct.App.1982).

This Court has held that, in planning and zoning decisions, due process requires: (a) notice of the proceedings; (b) a transcribable verbatim record of the proceedings; (c) specific, written findings of fact; and (d) an opportunity to present and rebut evidence. *Cowan,* 143 Idaho at 510, 148 P.3d at 1256. In order to meet procedural due process requirements, an individual must be provided with notice and an opportunity to be heard. *Cowan,* 143 Idaho at 512, 148 P.3d at 1258. The opportunity to be heard must occur at a meaningful time and in a meaningful manner. *Id.* Due process is not a concept to be applied rigidly, but is a flexible concept calling for such procedural protections as are warranted by the particular situation. *Id.*

In addition, the Local Land Use Planning Act directs governing boards to adopt procedures for the conduct of hearings. I.C. § 67–6534. At a minimum, such hearing procedures shall provide an opportunity for all affected persons to present and rebut evidence. Id. Courts reviewing zoning board decisions are to consider the proceedings as a whole and to evaluate the adequacy of procedures and the resultant decision in light of practical considerations with an emphasis on fundamental fairness and the essentials of reasoned decision-making. I.C. § 67–6535(c). Only those whose challenge to a decision demonstrates actual harm or violation of fundamental rights, not the mere possibility thereof, shall be entitled to a remedy or reversal of a decision. *Id.*

■ Spencer argues the Board violated his procedural due process rights by considering his site disturbance application "in conjunction with" his subdivision application. He asserts the Board should have considered the site disturbance application independently. In addition, he argues the Board violated his due process rights when it failed to submit all papers constituting the record to the hearing examiner, specifically because the County failed to transmit to the hearing examiner certain documents that were contained in his initial application, including the Preliminary Geotechnical Engineering Evaluation, the Site Disturbance Plan Report, and the drawing of the Site Disturbance Plan for Access Road. In essence, Spencer argues that he was prejudiced by this alleged violation of his due process rights because neither the hearing examiner nor the Board considered his stormwater management plans. Further, neither the hearing examiner nor any board member had the technical or educational background to understand the engineering and make a reasoned decision as to whether the stormwater management plan met the requirements of the SDO.

In response to Spencer's arguments, the County asserts that it did consider the site disturbance application independently and that it was Spencer who sought to use his subdivision application as a means of trying to procure a wider driveway. The County states that the three documents Spencer complains were not furnished to the hearing examiner were documents from the subdivision application file. The County claims Spencer received an adequate opportunity to be heard, first before the hearing examiner, and then before the Board, which satisfies his rights to procedural due process. The

County further asserts that Spencer's due process claim fails because he cannot show his substantial rights have been prejudiced, as the County granted a permit to construct a 20–foot–wide driveway for the property.

Evaluating the proceedings as a whole, with the principles of fundamental fairness in mind, we hold that Spencer failed to demonstrate any violation of his right to procedural due process. Spencer has failed to show that he was not afforded a meaningful and adequate opportunity to be heard before an impartial and disinterested decision-maker.[1]

 Spencer also alleges violations of his substantive due process rights. According to Spencer, the County's application of its ordinance deprived him of the use of his real property in the lawful manner he wished to use it, and therefore violated Spencer's right to substantive due process. Spencer asserts that he needs the driveway in order to improve his real property and, because the Board denied his permit to construct the 24–foot wide driveway, it has interfered with the free use of his real property.

 The Fifth Amendment to the United States Constitution, made applicable to the states via the Fourteenth Amendment, provides that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. This encompasses both procedural and substantive due process protections. In the context of legislation dealing with social or economic interests, the Court assumes a deferential review. *See Aberdeen–Springfield Canal Co. v. Peiper*, 133 Idaho 82, 90, 982 P.2d 917, 926 (1999). In this context substantive due process requires that legislation which deprives a person of life, liberty, or property must have a rational basis. *Id.* That is, the statute must bear a reasonable relationship to a permissible legislative objective. *Id.* The reason for the deprivation must not be so inadequate that it may be characterized as an arbitrary exercise of state police powers. *Id.*

Spencer fails to explain how he has been deprived of his property. His property remains intact for his use and enjoyment. The County approved the construction of a 20–foot driveway to serve that end. Neither does Spencer explain why the SDO fails to address a permissible governmental objective. The statement of purpose in § 3 clearly reflects environmental and public safety considerations as the express motivation for the adoption of the ordinance. The SDO is rationally related to these objectives, and we simply cannot conclude that the SDO presents an arbitrary exercise of legislative powers. Thus, we hold Spencer fails to demonstrate the County violated his substantive due process rights.

## D.

 Spencer also argues the County's action violated the SDO. In order to determine whether the County's action was violative of the SDO, we must first examine the ordinance. We apply the same principles in construing municipal ordinances as we do in the construction of statutes. *See Friends of Farm to Market v. Valley County*, 137 Idaho 192, 197, 46 P.3d 9, 14 (2002). The objective in interpreting a statute or ordinance is to derive the intent of the legislative body that adopted the act. *Payette River Prop. Owners Ass'n*, 132 Idaho at 557, 976 P.2d at 483 (additional citations omitted). Such analysis begins with the literal language of the enactment. *Id.* Where the language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction. *Id.* An ordinance is ambiguous where reasonable minds might differ or be uncertain as to its meaning. *Id.* However, ambiguity is not present merely because the parties present differing interpretations to the court. *Id.* Constructions that would lead to absurd or unreasonably harsh results are disfavored. *Id.* "Language of a particular section need not be viewed in a vacuum. And all sections of applicable

---

1. Contrary to Spencer's assertion, due process does not require any particular technical or educational background on the part of the decision-maker. What is required is that the decision-maker be impartial and disinterested, *Davisco*

*Foods Int'l., Inc. v. Gooding County*, 141 Idaho 784, 791, 118 P.3d 116, 123 (2005), and Spencer presents nothing that would indicate the decision-maker was not such here.

statutes must be construed together so as to determine the legislature's intent." *Friends of Farm to Market,* 137 Idaho at 197, 46 P.3d at 14.

The Kootenai County Zoning Ordinance in effect at the time of Spencer's application specified a minimum width of twenty feet for a common driveway and private road, but did not define the maximum width of a common driveway and private road. The purpose of the County's SDO is "to protect property, surface water, and ground water against significant adverse effects from excavation, filling, clearing, unstable earthworks, soil erosion, sedimentation, and stormwater runoff and to provide maximum safety in the development and design of building sites, roads, and other service amenities." SDO § 3. A site disturbance permit is required for the construction of all new driveways, private or public roads, or infrastructure authorized through the subdivision or conditional use permit process. *Id.,* § 5(B)(1). For the development of public and private roads, stormwater shall be managed utilizing a combination of stormwater treatment and erosion control BMPs to produce certain enumerated treatment efficiency standards. *Id.,* § 7(D)(3). The hearing examiner and the Board pointed to BMP No. 4 in reaching their decisions. BMP No. 4 applies to any areas where vegetation must be removed to facilitate construction. This BMP is a design consideration for all projects. The guidelines provide that construction should not disturb any areas that are not actually needed for the specified construction. The guidelines further suggest conducting work in units or stages so that construction and stabilization may take place promptly after clearing and grubbing. Since BMP No. 4 favors the narrower roadway, and smaller stages of construction, we find no basis to hold that the County violated the SDO.

 Spencer next claims the district court erred in finding the Board's decision was supported by substantial evidence. The Board's factual determinations are binding on this Court even where there is conflicting evidence before the Board, so long as the determinations are supported by substantial and competent evidence. *Cowan,* 143 Idaho at 517, 148 P.3d at 1263. Substantial and competent evidence is less than a preponderance of the evidence, but more than a mere scintilla. *Cowan,* 143 Idaho at 517, 148 P.3d at 1263. Substantial and competent evidence need not be uncontradicted, nor must it necessarily lead to a certain conclusion; it need only be of such sufficient quantity and probative value that reasonable minds could reach the same conclusion as the fact finder. *Cowan,* 143 Idaho at 517, 148 P.3d at 1263. According to Spencer, the only evidence the Board relied upon was BMP No. 4. He claims BMP No. 4 applies only to areas used for staging during construction, not to the construction itself. Thus, there is nothing in the record to support the Board's conclusion that Spencer's stormwater management plan did not adequately address stormwater runoff.

At the hearing, Spencer indicated he needed the wider roadway in order to entertain at his home, not for improved stormwater management. Further, he would need to widen the road *if* his subdivision was approved. The Board found that building a narrower roadway was consistent with the BMPs. Absent subdivision approval, Spencer was unable to convince the Board the 24–foot driveway was more appropriate than a 20–foot driveway for access to his property. There is nothing in the record which suggests the 24–foot–wide road is actually needed for access to Spencer's private lot. In addition, the plain language of the ordinance commands that stormwater be managed by utilizing BMPs for the development of public and private roadways. Based on this record, a reasonable mind could come to the same conclusion as the Board—that a 20–foot driveway is consistent with the purpose of its ordinance and the BMPs. Thus, the Board's conclusion is supported by substantial evidence in the record.

 Spencer argues that the Board's decision was arbitrary, capricious, and an abuse of its discretion. Spencer's primary argument in support of this contention is that the Board's position in denying the permit "rested squarely on the fact that Appellant had filed a Subdivision Application, and that a 24–foot wide common driveway would not be approved unless and until Appellant obtained

preliminary approval for the subdivision." According to Spencer, the hearing examiner and then the Board based their decision on the belief that it was not necessary for Spencer to build the 24–foot driveway. Spencer thus claims the decision was not based upon any facts, evidence, or standards.

The County responds, asserting that the record here is supported by undisputed facts showing the particular piece of property is a high risk site and that additional safeguards are necessary to alleviate runoff and erosion concerns. Further, the County cites a number of facts relied upon by the County in denying Spencer's request, including the undisputed facts that the property was high risk and the BMPs required the permit be denied; it was an application for two home sites and not a subdivision road; and the pending subdivision that could utilize the road had yet to receive preliminary approval. Further, there is nothing in the record which supports Spencer's contention that his 24–foot roadway would have performed as well as the 20–foot roadway.

Spencer misstates the facts. The Board approved a 20–foot roadway so that Spencer could access his property. This suggests the Board evaluated Spencer's site disturbance application independently. In addition, the Board informed Spencer that it would consider a wider roadway if the subdivision plat was approved. This follows from the County's contention that Spencer did not adequately demonstrate a need for a wider roadway absent subdivision approval. Based on a plain reading of the applicable ordinance, the Board did not act arbitrarily when it declined to approve a roadway wider than the minimum 20–foot standard for a private driveway. To the contrary, a minimum width requirement is consistent with the purpose of the ordinance and with BMP No. 4, which the Board appropriately relied upon in reaching its decision. The record does not support the conclusion that the Board's action was arbitrary, capricious, or an abuse of its discretion.

As a final note, in order to overturn the Board's action, this Court would have to find that a substantial right of Spencer has been prejudiced by the County's action. *See* I.C. § 67–5279(4); *Cowan,* 143 Idaho at 508, 148 P.3d at 1254. Again, the Board clearly stated it would allow Spencer to build a 20–foot driveway to gain access to his property. Given this fact, Spencer cannot demonstrate a substantial right has been prejudiced. Spencer contends that he needs the wider road to entertain. However, he failed to show how denial of four feet of width would deprive him of this ability. Alternatively, he argues that subsequent widening of the road for a subdivision would cause more disruption of the land. This contention is contrary to the BMP, which suggests construction in phases to prevent soil disruption. Further, this would only be true *if* Spencer receives subdivision approval. The Board acted reasonably in deciding to withhold action with regard to the 24–foot roadway until Spencer receives approval to subdivide the other parcel.

### E.

■ Finally, Spencer argues the district court improperly denied his motion to augment the record. First, Spencer argues the district court should not have denied the motion as untimely because it stated it would not do so at the hearing on the motion.[2] In addition, Spencer argues the district court abused its discretion when it found that the information he sought to include was not relevant. Spencer asks this Court to remand the case with instructions to the County to conduct a hearing before a five-member ap-

---

2. In support of this argument, Spencer claims the district court informed him at the time of the hearing on this motion that the motion would not be denied as untimely. This is irrelevant. In its discussion at the hearing, the district court did note that the motion may be untimely. However, the district court continued to address the merits of the motion. Further, the district court merely stated that it did intend to address the merits of the motion, and asked the parties to focus their arguments on the merits of the motion, even though there was a timeliness issue. Thus, the statement made by the district court that it did not intend to deny the motion based on untimeliness did not prejudice Spencer. Even if the court's statement at argument could be construed as a ruling on the timeliness issue, it would have been an interlocutory ruling, subject to subsequent revision.

peal board on a record that contains the entirety of the information submitted with Spencer's application. The County claims the motion was untimely based on Idaho R. Civ. P. 84(*l* ). In addition, the information sought to be introduced was for the subdivision and had no bearing on the performance of the proposed 24–foot road as compared to the 20–foot road. Thus, these documents are not relevant to the issue at hand.

The district court ordered the record settled on July 13, 2005. Included in this order was an order that any party desiring to augment the transcript or record make such a motion on or before August 2, 2005, pursuant to Idaho R. Civ. P. 84(p). Spencer filed a motion to augment the agency record on January 31, 2006. The district court denied the motion to augment. Spencer's motion was clearly untimely. Idaho R. Civ. P. 84(j) provides that any party may object to the transcript and record within fourteen days from the date of mailing of the notice of the parties that the transcript and record has been lodged with the agency. If the parties fail to object, the transcript and record "shall be deemed settled." Idaho R. Civ. P. 84(j). In this case, Spencer failed to object to the record, and the district court deemed the record settled on July 13, 2005. Nevertheless, the district court allowed additional time for objection, pursuant to Idaho R. Civ. P. 84(p). Spencer did not object by this deadline, and failed to object until two weeks *after* the district court made its decision.

In denying Spencer's motion, the district court noted:

> [Spencer] did not file his Motion to Augment until January 31, 2006—two weeks after this Court entered its Memorandum Opinion finding in favor of the County. Nowhere in his Motion to Augment does [Spencer] explain what prevented him from discovering the absence of the three documents at issue before August 2, 2005, much less, before this Court had reached a final decision in this case.

The district court clearly acted in accordance with applicable legal standards and within its discretion in denying the motion. As we recently held, I.C. § 67–5276, which allows a party to seek leave to present additional evidence in a judicial review proceeding, requires such a request to be made in a timely manner. *Crown Point Dev., Inc. v. City of Sun Valley*, 144 Idaho 72, 76, 156 P.3d 573, 577 (2007) (a request to include additional evidence is untimely unless made before the hearing on the petition for judicial review). Spencer not only failed to make the request until after the hearing, it was not made until after the decision on the petition. The motion to augment was properly denied.

## F.

Spencer seeks attorney fees and costs pursuant to I.C. § 12–117(1) and I.C. § 12–121, asserting the County acted without a basis in fact or law because it violated its own procedures, and asserting that the County's defense of this appeal is frivolous, unreasonable, and without foundation. Since we find the County did not act without a basis in fact or law when it denied Spencer's permit for a 24–foot driveway, Spencer is not entitled to attorney's fees.

■■■ The County also seeks attorney fees and costs under I.C. § 12–117. The County argues that Spencer acted without a reasonable basis in fact or law in bringing this appeal.

I.C. § 12–117(1) provides:

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

To award the County its attorney fees under I.C. § 12–117, the Court must find in favor of the County and also find that Spencer acted without a reasonable basis in fact or law. *Canal/Norcrest/Columbus Action Comm. v. City of Boise*, 136 Idaho 666, 671, 39 P.3d 606, 611 (2001). The purpose of I.C. § 12–117 is to serve as a deterrent to groundless or arbitrary action and to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against

groundless charges or attempting to correct mistakes agencies should never have made. *Canal/Norcrest/Columbus,* 136 Idaho at 671, 39 P.3d at 611. Since the County made its decision upon unlawful procedure, we cannot say Spencer brought this appeal without a reasonable basis in fact or law. Thus, we do not award attorney's fees to the County.

## III.

We affirm the decision of the district court, upholding the County's denial of Spencer's permit to construct a 24–foot driveway. Costs to the County, but no fees.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON concur.

